JiPER CURIAM.
In this worker’s compensation case, Lynell Melancon claimed to have sustained an injury on August 14, 1995 while employed by the defendant, Fruit of the Loom, Inc. Plaintiff succeeded at both the trial and appellate levels. The worker’s compensation judge found that the defendant was arbitrary and capricious in failing to pay benefits. The Court of Appeal affirmed and amended the judgment by increasing the penalty award for failure to timely pay compensation benefits. However, the attorney fee award of $1500.00 was affirmed.
Plaintiff’s counsel brings this writ application to increase the attorney fee award. Counsel argues that an attorney fee award of $1500.00 is clearly unreasonable considering that counsel’s hourly rate is $125.00 an hour and that he spent 46 hours at the trial level, alone. His hours and hourly rate were not contested. This court agrees that the sum awarded is unreasonable and an increase is warranted.
|2La R.S. 23:1201.2 provides:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary and capricious or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims. The provision of R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section....
The worker’s compensation judge and the Court of Appeal both found that the defendant’s actions were arbitrary and capricious. Plaintiffs doctor recommended a stress management consultation, a myelogram and post-myelogram CT. Authorization for these procedures was denied by the defendant.
The factors usually taken into account in determining attorney fees in worker’s compensation cases are the degree and skill and the ability exercised, the amount of the claim, the amount recovered and the amount of time devoted to the case. See Thibodeaux v. L.S. Womack, Inc., 94-1375 (La. App. 3rd Cir. 4/5/95), 653 So.2d 123. Given the amount of time and effort, this Court increases the attorney fee award to Five Thousand ($5,000.00) Dollars. This amount is consistent with other attorney fee awards in worker’s compensation cases. See Cahill v. Frank’s Door & Building Supply, 590 So.2d 53 (La.1991) and McCray v. Commercial Union Ins. Co., 618 So.2d 483 (La.App. 4th Cir. 1993). All costs are assessed to the defendant.
VICTORY, J., would grant and docket the case for oral argument.
KNOLL, J., would grant and docket.
CALOGERO, C.J., not on panel. Rule IV, Part 2, § 3.