I ¡¿EDWARDS, Judge.
Plaintiff/appellant Anderson Price appeals the judgment of the trial court awarding him $2,500.00 in attorney fees pursuant to LSA-R.S. 23:1201.2. Price was injured while working for defendant/appel-lee Universal Labor Services (“Universal”). He alleges that the trial court’s award of attorney fees was abusively low and requests that the judgment be reversed and amended to reflect the time expended by his attorney, Rosalind Jones Larkins (“Larkins”). For the following reasons, we reverse the judgment of the trial court and amend the award of attorney fees to $6,000.00.
Price was hired by Universal as a fitter on September 3, 1997. He was injured in the performance of his duties on September 11, 1997. Universal disputed compensation on the matter and Price filed a disputed claim for compensation on October 27,1997.
On March 4, 1999, the matter went to trial before the Honorable Ann LMarie Vandenweghe of the Office of Workers’ Compensation. On May 12, 1999, the trial court submitted a written judgment finding Universal liable for workers’ compensation benefits in the amount of $17,750.00 plus an additional $2,000.00 in penalties. In the judgment, the trial court awarded Price attorney fees and further ordered him to submit a detailed attorney fees request to the trial court.
*746 On September 3, 1999, Price filed a motion for approval of attorney fees in the amount of $20,505.00. This amount allegedly represented a minimum of 137 hours of legal service at $150.00 per hour. An itemized time sheet was filed into the record of the trial court.
On October 8, 1999, the issue of attorney fees was heard before the Honorable John Grout of the Office of Workers’ Compensation in place of Judge Vandenweghe, who had resigned. Judge Grout held that the judgment awarding attorney fees was ambiguous and awarded Price $2,500.00 in attorney fees as a penalty against Universal. The judgment was signed on October 25, 1999. In his reasons for judgment, Judge Grout stated that Larkins’ hourly rate of $150.00 per week was excessive considering that this was her first workers’ compensation case. He also reasoned that Universal should not be penalized for Lar-kins’ lack of experience. Finally, Judge Grout reasoned that there were no unique issues, convoluted facts, or complex medical issues, so there was nothing about this case that required the expenditure of 137 hours of billable time.
Price filed a motion and order for devol-utive appeal on behalf of Larkins on November 10, 1999. The matter is now before this Court for review.
LAW AND ANALYSIS
In his assignment of error, Price alleges that the trial court erred in |4awarding the abusively low amount of $2,500.00 in attorney fees. LSA-R.S. 23:1201.2 states in part:
“Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims.”
The trial court found Universal to have acted in an arbitrary and capricious manner and awarded attorney fees accordingly under the statute. The issue is whether or not the award was reasonable and whether the trial court abused its discretion in this matter.
The assessment of attorney fees by the administrative judge upon finding that the employer was arbitrary and capricious is largely a matter within the judge’s wide discretion and will not be reversed on appeal absent a showing of abuse of that discretion.[1]
The penalty and attorney fees provisions of the' Louisiana Workers’ Compensation Act are specifically designed to deter employers and their insurers from the unjustified failure to alleviate the suffering of workers injured in their employment.[2] The factors used to determine this award are the degree of skill and ability exercised, the amount recovered, and the amount of time devoted to the case.[3] The award of attorney fees must be reasonable based upon the degree of skill and work involved in the case, the number of court appearances, the | ..¡depositions, the office work and the time spent in court.[4]
That attorney fees were awarded is not at issue in the present case. The issue is whether or not the award was reasonable. The penalty for arbitrary and capricious behavior lies in the imposition of attorneys’ fees rather than the amount of attor *747 neys’ fees to be assessed.[5] The amount of attorney fees must be arrived at in accordance with law; i.e., LSA-R.S. 23:1201.2 requires that the fees awarded must be reasonable.[6] The courts are guided in this determination of reasonableness by previous jurisprudence.[7]
Attorney fee awards and penalty awards are not intended to “compensate” a plaintiff and thereby make Him whole, but rather to discourage certain behavior(s) on the part of the offending party, such as the employers’, and employers’ insurers’ toward injured employees.[8]
In reviewing the award of attorney fees, this Court has taken into account the reasons stated by Judge Grout, the itemized statement of attorney fees found in the record, the amount of the original judgment rendered by the trial court and previous jurisprudence. While Judge Grout correctly reasoned that there were no unique issues, convoluted facts, or complex medical issues that required the expenditure of 137 hours of billable time, we find that the award of $2,500.00 is abusively low. Taking into account the judgment of $17,750 and previous jurisprudence, it is the opinion of this Court that the award of attorney fees must | fibe reversed and amended to reflect a more reasonable award of $6,000.00. We believe that this amount is an adequate penalty against Universal.
In summary, it is the opinion of this Court that the trial court erred in awarding attorney fees in the amount of $2,500.00. LSA-R.S. 23:1201.2 provides an award of reasonable attorney fees as a penalty for arbitrary and capricious conduct and $2,500.00 is not reasonable. The judgment must be reversed and amended to reflect an award of $6,000.00 in reasonable attorney fees.
REVERSED AND AMENDED.

. Williams v. Hospital Service, Inc., 95-214 (La.App. 5 th Cir. 9/20/95), 663 So.2d 749; writ denied, 96-0160 (La.3/15/96), 669 So.2d 422; writ denied, 96-0192 (La.3/15/96), 669 So.2d 418.

. Thibodeaux v. L.S. Womack, Inc., 94-1375 (La.App. 3 rd Cir. 4/5/95), 653 So.2d 123.

. Archbold v. Maxicare Health Plans, Inc., 98-531 (La.App. 5 th Cir. 12/16/98), 722 So.2d 1200; Curtis v. Wet Solutions, Inc., 98-789 (La.App. 3 rd Cir. 12/9/98), 722 So.2d 421; Thibodeaux v. Womack, supra at 127.

. Id. at 1205.

. Rideaux v. St. Landry Parish School Bd., 97-1616 (La.App. 3 rd Cir. 4/8/98), 711 So.2d 819; writ denied, 98-1274 (La.6/26/98), 719 So.2d 1060.

. Id. at 827.

. Id. at 827-828.

. Archbold v. Maxicare Health Plans, Inc., supra at 1204.