792 So.2d 721 (2001)
Jonathan LANGLEY
v.
PETRO STAR CORP. OF LA.
No. 2001-C-0198.
Supreme Court of Louisiana.
June 29, 2001.
*722 Jeffrey J. Warrens, Baton Rouge, for applicant.
George A. Flournoy, Alexandria, Michael B. Miller, Crowley, for respondent.
KIMBALL, Justice.[*]
We granted a writ of certiorari in this workers' compensation action to resolve a split among the circuit courts of appeal regarding the proper factors to be considered in fixing an award of reasonable attorney fees pursuant to La. R.S. 23:1201(G). For the reasons that follow, we hold that a court should not take into consideration the degree of bad faith exhibited by the employer in determining the appropriate amount of attorney fees to be awarded under the statute. The judgment of the court of appeal allowing such a consideration is reversed and the award of attorney fees is reduced to $1,500.00.

FACTS AND PROCEDURAL HISTORY
On October 19, 1996, claimant, Jonathan Langley, sustained an accident and injury in the course and scope of his employment with Petro Star Corporation of Louisiana ("Petro Star"). Pursuant to an agreement between the parties, a consent judgment was rendered, in which Petro Star was to pay Langley workers' compensation weekly indemnity benefits in the amount of $265.00 per week. The December 4, 1997, judgment specifically provided that "[s]aid weekly indemnity benefits shall continue to be paid until further order of this Court." Additionally, penalties in the amount of $4,000.00 and attorney fees in the amount of $5,000.00 were assessed against Petro Star.
Some time later, a Motion for Penalties and Attorney's Fees was filed on behalf of Langley for Petro Star's failure to timely pay the amounts due pursuant to the consent judgment. In a judgment dated October 22, 1998, Langley was awarded penalties in the amount of $3,000.00 and attorney fees in the amount of $1,500.00 for Petro Star's "arbitrary and capricious handling" of Langley's claim.
On February 3, 2000, a second Motion for Penalties and Attorney's Fees was filed on behalf of Langley in which it was alleged that Petro Star was again in violation of the consent judgment. At a hearing on the Motion, it was established that Petro Star violated the terms of the consent judgment by converting Langley's *723 weekly payments into monthly payments without prior modification of the judgment. The workers' compensation hearing officer ordered that Petro Star and its insurer, Louisiana Workers' Compensation Corporation, pay penalties in the amount of $3,000.00 and, finding that attorney fees should be based upon both "the time spent and with some punitive factor," attorney fees in the amount of $3,000.00.
Petro Star and its insurer appealed only that portion of the judgment awarding $3,000.00 in attorney fees. On appeal, the third circuit, in an en banc decision, affirmed the hearing officer's award. 00-699 (La.App. 3 Cir. 12/29/00), 788 So.2d 448. In reaching its decision, the majority held that La. R.S. 23:1201(G) allows a consideration of the degree of bad faith exhibited by the employer in determining the appropriate amount of attorney fees to be imposed. In so holding, the court of appeal settled a difference of opinion that had arisen between two different panels of its court. Previously, one panel had held that the amount of an award of attorney fees is a type of penalty that should "be measured in relation to the culpability or bad faith exhibited by the offending party," Britton v. City of Natchitoches, 97-1038, p. 13 (La.App. 3 Cir. 2/11/98), 707 So.2d 142, 149, writ denied, 98-1203 (La.6/26/98), 719 So.2d 1057, while another panel had held that the penal nature of an attorney fee award "lies in the imposition of attorneys' fees rather than the amount of attorneys' fees to be assessed." Rideaux v. St. Landry Parish Sch. Bd., 97-1616, p. 16 (La. App. 3 Cir. 4/8/98), 711 So.2d 819, 827, writ denied, 98-1274 (La.6/26/98), 719 So.2d 1060. In the instant appeal, the en banc court, over several dissents, determined that the view expressed in Britton was the correct interpretation of La. R.S. 23:1201(G).
This court granted certiorari to resolve an apparent split in the circuits created by the court of appeal's decision. 01-0198 (La.3/23/01), 787 So.2d 1005.

LAW AND DISCUSSION
As a general rule, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract. Sharbono v. Steve Lang & Son Loggers, 97-0110, p. 7 (La.7/1/97), 696 So.2d 1382, 1386. An award of attorney fees is a type of penalty imposed not to make the injured party whole, but rather to discourage a particular activity on the part of the opposing party. Id. Awards of attorney fees in workers' compensation cases are essentially penal in nature, and are intended to deter indifference and undesirable conduct by employers and insurers toward injured employees. J.E. Merit Constructors, Inc. v. Hickman, 00-0943, p. 5 (La.1/17/01), 776 So.2d 435, 438; Williams v. Rush Masonry, Inc., 98-2271, p. 8-9 (La.6/29/99), 737 So.2d 41, 46; Sharbono at p. 7, 696 So.2d at 1386. Although the benefits in the Workers' Compensation Act are to be liberally construed, penal statutes are to be strictly construed. Williams at p. 9, 737 So.2d at 46.
In the instant case, the hearing officer's award of attorney fees was authorized by La. R.S. 23:1201(G). This Subsection governs the payment of a final nonappealable judgment under the Louisiana Workers' Compensation Act, and provides:
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, *724 which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
The sole issue presented for our consideration in this case is whether the degree of defendant's bad faith may be considered when setting the amount of attorney fees awarded under La. R.S. 23:1201(G).[1] That is, we must determine whether the penal component of an award of attorney fees, recognized by this court in Sharbono, 97-0110 at p. 7, 696 So.2d at 1386, is established in the imposition of the award or in the actual amount of the fee imposed.
The courts of appeal differ in their opinions as to the proper resolution of this issue. As noted above, the third circuit held in this case that a court can take into account the degree of bad faith exhibited by the employer in determining the appropriate amount of attorney fees to be imposed. In so holding, it reaffirmed its previous holding in Britton, 97-1038 (La. App. 3 Cir. 2/11/98), 707 So.2d 142, that the amount of an attorney fee award should include some measure of the employer's culpability. Concomitantly, in the instant case, the third circuit rejected its prior conclusion in Rideaux, 97-1616 (La.App. 3 Cir. 4/8/98), 711 So.2d 819, that the penalty component of an award of attorney fees lies in the imposition of the fees rather than in the amount of the fees to be assessed. However, the second and fifth circuits, relying on Rideaux, have also determined that it is the imposition of the attorney fees, rather than the amount of the fees, that penalizes the defendant for its offensive behavior. See Ward v. Phoenix Operating Co., 31,656 (La.App. 2 Cir. 2/24/99), 729 So.2d 109, and Price v. Universal Labor Services, 00-54 (La.App. 5 Cir.9/27/00), 769 So.2d 745.
We conclude the better view is that expressed by the second and fifth circuits and by the third circuit in Rideaux. Our conclusion that the degree of a defendant's bad faith is not an appropriate factor to be considered in determining the amount of attorney fees to be awarded is based primarily upon the statutory scheme underlying the legislature's authorization of an award of attorney fees in La. R.S. 23:1201(G), and the purposes served by an award of attorney fees.
A cursory reading of La. R.S. 23:1201 clearly indicates a distinction made by the legislature between penalties and attorney fees in the workers' compensation arena.[2] *725 Cf. La. R.S. 23:1201.2 (providing for an award of attorney fees only if the *726 employer or insurer arbitrarily discontinues payment of benefits due.)[3] Subsection (G) of La. R.S. 23:1201 provides that an employee is entitled to penalties equal to twenty-four percent or one hundred dollars per day up to a total of $3,000.00 together with reasonable attorney fees for an employer's or insurer's failure to pay an award under the terms of a final judgment within thirty days after it becomes due. Prior to 1995, Subsection (G) (then Subsection (F)) provided only for a penalty, subject to the $3,000.00 maximum, when compensation payable under the terms of a final, nonappealable judgment was not paid within thirty days after it became due, but did not provide for an award of attorney fees. The statute was amended in 1995 to allow for an award of attorney fees when the penalty provision becomes applicable. Acts 1995, No. 1137. The statutory cap on the amount of penalties awarded remained unchanged. The evolution of La. R.S. 23:1201(G) indicates a legislative distinction made between a penalty award, limited to $3,000.00, and an attorney fee award, limited only by a reasonableness standard.
We find that an interpretation of the legislature's authorization of an attorney fee award pursuant to La. R.S. 23:1201(G) to include a consideration of the degree of defendant's bad faith or culpability in setting the amount of the award would blur this distinction and impermissibly allow a penalty in excess of the statutory maximum. To incorporate a purely punitive component within the amount of the attorney fee award, as done by the third circuit in this case and urged by Langley, would allow the factfinder to ignore the statutory maximum on the amount of penalties assessed by calling the excess penalty amount an attorney fee. Such an interpretation would render the penalty cap meaningless and we therefore reject this interpretation in favor of one that provides practical effect to the entire provision. See Alliance for Affordable Energy v. Council of City of New Orleans, 96-0700, p. 13 (La.7/2/96), 677 So.2d 424, 431 ("When a law is susceptible of two or more interpretations, that which affords a reasonable and practical effect to the entire act ... is to be preferred over one which renders part thereof ridiculous or nugatory."). Consequently, we conclude that the penalty and incentive to act in a particular manner provided by an award of attorney fees lies in the imposition of the fees rather than in the amount of the fees awarded.
This interpretation accords with the purposes served by an imposition of an attorney fee award in the workers' compensation context. In McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00), 773 So.2d 694, we explained the purpose of a statutory award of attorney fees in this context as follows:

The amount awarded is intended to provide full recovery, without statutory limitation, for attorney's services and expenses in connection with the litigation.... We therefore conclude that the statutory attorney fees, awarded to the employee in cases of arbitrary behavior of the employer or the insurer, were intended to benefit the employee, who would otherwise have to pay the contractual attorney fees out of his or her benefits recovered in the litigation, and were not intended to provide additional fees to the employee's attorney, who received the amount of the statutory attorney fees as full compensation for legal services in the litigation. *727 McCarroll at p. 10, 773 So.2d at 700 (emphasis added). Thus, McCarroll makes it clear that although the primary consideration in the imposition of attorney fees is not to compensate the employee, but rather to discourage certain offensive behaviors on the part of the employer or insurer, Sharbono at p. 5, 696 So.2d at 1386, the amount of statutory attorney fees awarded is intended to fully compensate the employee's attorney, thereby benefitting the employee, for his services rendered in connection with the litigation. To include a penal component in the amount of attorney fees assessed would allow an attorney to receive compensation in excess of the scheme provided by the legislature and undermine the purposes underlying an award of statutory attorney fees in the workers' compensation context.
Claimant argues that consideration of defendant's bad faith should be allowed in determining the amount of attorney fees to be awarded under the statute to combat defendants' pattern of violating the law regarding the payment of benefits due Langley and the fact that La. R.S. 23:1141 places severe limitations on the amount an attorney can charge his client in a workers' compensation case. We find these policy arguments are best addressed to the legislature. Even if we were inclined to agree that the penalty and attorney fee provisions seem to have little deterrent effect on some employers and insurers, and we note this is the third time penalties and attorney fees have been imposed in this ongoing case, the legislature has clearly set forth a scheme in which the amount of penalties that may be awarded is limited and the amount of attorney fees that may be awarded is limited to a reasonable fee that fully compensates the attorney for legal services rendered. It is within the legislature's discretion, not this court's, to modify these limitations if an increased deterrent effect is desired. Furthermore, while we might agree that the statutory fees an attorney may charge for work performed in a workers' compensation case are low, it is for the legislature to increase these fees if it is so inclined. Although claimant may be pursuing worthy goals in urging this court to include a punitive factor in the amount of attorney fees that may be awarded under La. R.S. 23:1201(G), we cannot interpret the statute to include this factor in an attorney fee award when such an interpretation is contrary to the statutory scheme, the principle of strict construction of penal statutes, and the policies underlying attorney fee awards.
In this case, the hearing officer clearly included a punitive factor in assessing the amount of attorney fees due Langley at $3,000.00. This was an abuse of discretion. The factors usually taken into account when fixing the amount of attorney fees to be awarded in workers' compensation cases are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the claimant, and the amount of time the attorney devoted to the case.[4]McCarroll *728 at p. 9, 773 So.2d at 700; Melancon v. Fruit of the Loom, Inc., 97-2670, p. 2 (La.2/6/98), 706 So.2d 1390, 1391; Naquin v. Uniroyal, Inc., 405 So.2d 525, 528 (La. 1981). See also H. ALSTON JOHNSON, III, 14 LOUISIANA CIVIL LAW TREATISE: WORKERS' COMPENSATION LAW AND PRACTICE § 389 (3d ed.1994). In the instant case, we find that an attorney fee award in the amount of $1,500.00 is reasonable under the circumstances presented and reduce the award to this amount.

DECREE
For the foregoing reasons, we conclude the court of appeal erred in holding that a court can take into consideration the degree of bad faith exhibited by the employer in determining the appropriate amount of attorney fees to be awarded pursuant to La. R.S. 23:1201(G) and in affirming the hearing officer's award of attorney fees which included such a consideration. The judgment of the court of appeal is reversed and the award of attorney fees is reduced to $1,500.00.
REVERSED.
KNOLL, J., concurs and assigns reasons.
KNOLL, J., Concurring.
I agree that the penalty nature of the award of attorney's fees is the imposition of attorney's fees, and that it is not proper to include the punitive factor in assessing the amount of attorney's fees. I concur because I disagree with the majority's reliance on McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00), 773 So.2d 694. In my view, as expressed in my dissent in McCarroll, the attorney's fees award under LA.REV.STAT. § 23:1201(F) complements the low contingency fee rate dictated by the statute, and is not subject to reduction by the amount of contractual attorney's fees. The intended "benefit" to the employee that the majority relies upon is in the award of the penalty granted the claimant rather than the attorney's fees awarded. This interpretation is in accord with the low amount of attorney's fees statutorily required which the majority recognizes in the present case.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision. Judge Felicia Toney Williams, of the Second Circuit Court of Appeal, assigned as Justice Pro Tempore, sitting for Associate Justice Bernette J. Johnson.
[1] Defendants did not request review of the hearing officer's $3,000.00 penalty award nor did they question the imposition of attorney fees. Rather, they challenge only the inclusion of a penalty factor in the amount of attorney fees imposed.
[2] La. R.S. 23:1201 provides in its entirety:

A. Payments of compensation under this Chapter shall be paid as near as may be possible, at the same time and place as wages were payable to the employee before the accident; however, when the employee is not living at the place where the wages were paid, or is absent therefrom, such payments shall be made by mail, upon the employee giving to the employer a sufficient mailing address. However, a longer interval, not to exceed one month, may be substituted by agreement without approval of the director. An interval of more than one month must be approved by the director.
B. The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer or insurer has knowledge of the injury or death, on which date all such compensation then due shall be paid.
C. Installment benefits payable pursuant to R.S. 23:1221(3) shall become due on the fourteenth day after the employer or insurer has knowledge of the compensable supplemental earnings benefits on which date all such compensation then due shall be paid.
D. Installment benefits payable pursuant to > R.S. 23:1221(4) shall become due on the thirtieth day after the employer or insurer receives a medical report giving notice of the permanent partial disability on which date all such compensation then due shall be paid.
E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers' compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
(3) Except as provided in Paragraph (4) of this Subsection, any additional compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.
(4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.
(5) No amount paid as a penalty or attorney fee under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance.
G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
H. Upon making the first payment of compensation and upon modification or suspension of payment for any cause, the employer or insurer shall immediately send a notice to the office, in the manner prescribed by the rules of the director, that payment of compensation has begun or has been suspended, as the case may be. Within fourteen days after the final payment of compensation has been made, the employer or insurer shall send a notice to the office, in the manner prescribed by the rules of the director, stating:
(1) The name of the injured employee or any other person to whom compensation has been paid, or both.
(2) The date of injury or death.
(3) The dates on which compensation has been paid.
(4) The total amount of compensation paid.
(5) The fact that final payment has been made.
[3] For a complete discussion of the differences between these statutes and their respective legislative histories, see Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41 and Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885.
[4] Langley argues that this court in Sharbono, citing Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255 (5th Cir.1980), "made it clear that bad faith is one of the many factors to consider in assessing an attorney fee award." This is not the case. In Iron Workers Local, the Fifth Circuit Court of Appeals stated that a court should consider the degree of the opposing parties' culpability or bad faith in deciding whether to award attorney fees under § 502(g) of ERISA. Iron Workers Local, 624 F.2d at 1266. Contrary to Langley's implication, the court did not find that once the decision to award attorney fees was made, the degree of defendants' bad faith could be considered in assessing the amount of attorney fees to be award. In Sharbono, this court cited Iron Workers Local in a string cite for the proposition that attorney fees are awarded to discourage particular activities on the part of the employer or insurer and noted that the Fifth Circuit considered "the degree of the opposing party's culpability or bad faith" in deciding whether to award attorney fees. Sharbono at p. 7, 696 So.2d at 1387.