| THIBODEAUX, Judge.
The Louisiana Supreme Court remanded this case to us for reconsideration in light of Langley v. Petrostar Corporation, 01-0198 (La.6/29/01); 792 So.2d 721. Desselle v. The Oaks Care Center, 01-1606 (La.2/8/02); 808 So.2d 349. Our initial opinion affirmed an attorney fees award to the plaintiff of $15,500 by the Office of Workers’ Compensation. Desselle v. The Oaks Care Center, 01-0044 (La.App. 3 Cir. 5/2/01); 787 So.2d 500.
Langley held that bad faith was not an appropriate criterion to consider in determining the amount of attorney fees to be awarded under La.R.S. 23:1201. An award of attorney fees, according to Langley, is sufficiently penal by the imposition of the award rather than the actual amount of the fee imposed. A punitive factor such as bad faith should not be considered in assessing attorney fees. As we interpret the supreme court’s remand order of February 8, 2002, our initial opinion improperly considered bad faith as a factor in affirming the workers’ compensation judge’s award of $15,500 in attorney fees.
McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00); 773 So.2d 694, 698 observed that “[t]he Legislature intended both the penalty and attorney fees authorized by La.Rev.Stat. 23:1201 F as a means of deterring arbitrary conduct by the employer or the employer’s insurer.” It further explained that:
In our determination of the respective rights of the employee and the attorney to the statutory attorney fees, a persuasive factor is the methodology used to calculate the amount of the statutory attorney fees. The only limitation on the amount is the reasonableness of the fee awarded by the judge. The amount awarded rests with the discretion of the workers’ compensation judge, as long as that amount is supported by the record. Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the amount of time the attorney devoted to |?the case. The amount awarded is intended to provide full recovery, without statutory limitation for attorney’s services and expenses in connection with the litigation.
Id. at 700. (emphasis added) (citations omitted). Although the issue in McCarroll *396 was the distribution of attorney fees under La.R.S. 23:1201(F), its reasoning applies in this case.
Langley instructs us that we improperly considered bad faith as a factor in the award of attorney fees. However, a careful reading of this entire record demonstrates that bad faith was not the sine qua non supporting our ultimate conclusion. Rather, the bad faith rationale simply buttressed the other factors (degree of skill, amount of the claim, amount recovered, amount of time devoted, to the case, results obtained, etc.) which we noted in affirming the attorney fees award. Our primary consideration was the efforts exerted by counsel for plaintiff since January 1999, the time of his retention, in obtaining the indemnity and medical benefits to which plaintiff was indisputably entitled. Those efforts were adequately and sufficiently detailed and discussed in our opinion rendered on May 2, 2001 and shall not be repeated here. The tireless efforts put forth by plaintiffs counsel and the payment of full medical and indemnity benefits certainly warrant recovery of attorney fees in an amount, consistent with the rationale of McCarroll, sufficient to provide full recovery for attorney services rendered in this case.
Nevertheless, the basis of our opinion of May 2, 2001 rested, in part, on an impermissible consideration of bad faith. While we initially felt that the total award of $15,500 was perhaps somewhat abusively high, the egregious conduct of The Oaks Care Center justified our approval of the award. However, once the bad faith factor is extricated from the totality of jurispru-dentially-approved criteria and those factors listed in Rule 1.5 of the Rules of Professional Conduct, we conclude that ban award of $12,500 is appropriate to provide full compensation for the laudable work performed by the claimant’s attorney.

CONCLUSION

For the foregoing reasons, we amend our original opinion of May 2, 2001 to reduce the amount of attorney fees awarded from $15,500 to $12,500.
The judgment appealed from is thus amended and, as amended, affirmed. All costs shall be paid by The Oaks Care Center.
AMENDED AND, AS AMENDED, AFFIRMED.