11MARION F. EDWARDS, Judge.
FACTS AND PROCEDURAL HISTORY
Appellee, Michelle Dufrene, filed a disputed worker’s compensation claim with *1087 the Office of Worker’s Compensation, District 7, for benefits against her employer, Boise Cascade Office Products (“Boise”), arising out of an alleged accident which occurred on June 12, 2002. In the course of discovery, Boise propounded two sets of Interrogatories and Requests for Production of Documents to Appellee, the first set on September 25, 2002, and the second set on April 1, 2003. On April 25, 2003, Ap-pellee provided incomplete answers to the first set of Interrogatories and did not respond at all to Boise’s Second set of Interrogatories. Trial on the matter was scheduled for April 28, 2003, but was continued. On that same date, Boise filed a Motion to Compel against Appellee to obtain responses to discovery.
A hearing on Boise’s Motion to Compel was scheduled for June 6, 2003. On June 5, 2003, however, Appellee provided Boise with supplemental answers to its first set of interrogatories and original answers to its second set of interrogatories. On June 6, when Boise failed to appear |sat its own Motion To Compel, the court awarded attorney’s fees to Appellee.
Boise thereafter filed a Motion for a New Trial and Rehearing on the issue of attorney’s fees, which was denied by the trial court. Boise timely filed the present appeal.
LAW AND ARGUMENT
On appeal, Boise’s lone assignment of error is that the trial court had no legal authority to award attorney’s fees to ap-pellee. We agree.
It is well settled that an award of attorney’s fees in a workers’ compensation matter is subject to the manifest error/clearly wrong standard of review.[1]
The supreme court noted in Langley v. Petro Star Corp. of La.,[2]
As a general rule, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract. Sharbono v. Steve Lang & Son Loggers, 97-0110, p. 7 (La.7/1/97), 696 So.2d 1382, 1386. An award of attorney fees is a type of penalty imposed not to make the injured party whole, but rather to discourage a particular activity on the part of the opposing party.
In this case, in the absence of a contract, we first consider whether the attorney’s fees awarded by the court were authorized by statute. In regard to attorney’s fees related to Motions To Compel, La. C.C.P. art. 1469(4) provides the following instruction:
(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney’s fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, | including attorney’s fees, unless the *1088 court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.
In this case the trial court gave the following explanation for its award of fees:
THE COURT:
Let the record reflect that this matter came for hearing today on a Motion to Compel. The Motion to Compel was filed by defense counsel, Mr. Poole. Let the record reflect that the court called the docket at 10:00 a.m. Mr. Poole is not present. That he had no prior contact with Mr. Trahant to prevent him from appearing for this Motion to Compel today. Therefore, it’s the opinion of the court that the Motion to Compel, the court has reviewed the memorandums in support of it and in opposition to the Motion to Compel, and the court is going to deny the Motion to Compel.
In addition to that, the court is going to assess attorney’s fees to be paid to Mr. Trahant in the amount of $350.00 by Mr. Poole.
As is apparent on the face of the record, we find that while the trial court would have been authorized to award attorney’s fees to Appellee after denying Boise’s Motion To Compel, the court failed to provide opportunity for hearing prior to assessing the fees, pursuant to La. C.C.P. art. 1469(4).
In its Reasons for Judgment, the trial court further stated:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Sam N. Poole, Jr. pay to Richard C. Trahant the amount of $350.00 based on Mr. Poole’s failure to attend the hearings on his own motions.
We And that there is no statutory basis for an award of attorney’s fees as stated by the trial court in its Reasons For Judgment.
Accordingly, for the foregoing reasons, the judgment of the trial court, as it pertains to the award of attorney’s fees, must be reversed. Costs of this appeal are assessed to appellee.
REVERSED.

. Rapp v. City of New Orleans, 98-1714 (La.App. 4 Cir. 12/29/99), 750 So.2d 1130, writ denied, 00-0353 (La.4/7/00), 759 So.2d 761, citing Kim v. East Jefferson Hosp., 96-0838 (La.App. 1 Cir.2/14/97), 691 So.2d 127.

. Langley v. Petro Star Corp. of La., 2001-0198 (La.6/29/01), 792 So.2d 721.