| | | |
|---|---|---|
| **EARL A. ADAMS, JR. ET AL.** | * | **NO. 2025-C-0260** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CHEVRON USA INC. ET AL.** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2002-19308, DIVISION "D"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge
Karen K. Herman)

**DYSART, J., DISSENTS WITH REASONS**

Lynn E. Swanson
Kevin E. Huddell
Alayne Gobeille
Thomas F. Dixon
JONES SWANSON HUDDELL LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

      COUNSEL FOR DEFENDANTS-RELATORS

Darleen M. Jacobs
Hunter Harris
DARLEEN M. JACOBS & ASSOCIATES
823 St. Louis Street
New Orleans, Louisiana 70112

Robert G. Harvey, Sr.
600 North Carrollton Avenue
New Orleans, Louisiana 70119

      COUNSEL FOR PLAINITFFS-RESPONDENTS

       **WRIT GRANTED IN PART; JUDGMENT
REVERSED IN PART; AND STAY DENIED**

       **JULY 17, 2025**

Defendants-Relators, Joseph Grefer and Camille Grefer ("the Grefers"), seek review of the trial court's March 10, 2025 and March 24, 2025 judgments, granting the plaintiffs' motion to tax costs and attorney's fees and awarding plaintiffs' $27, 408.36 in costs and $63,000.00 in attorney's fees. The Grefers also seek a stay of the execution of the judgment pending the resolution of this writ. For the below stated reasons, the writ application is denied with regard to the awarding of court cost and granted with regard to the award of attorney's fees. As such, the trial court's March 10, 2025 judgment is reversed with respect to the attorney's fees.[1] The Grefers's request for a stay is denied.

**FACTS AND PROCEDURAL HISTORY**

The underlying litigation involves a lawsuit initiated in 2002 by approximately eighteen hundred plaintiffs who alleged that oil field pipe cleaning operations in Harvey, Louisiana, resulted in emission of radioactive materials causing physical, mental, emotional, and economic damages. The plaintiffs alleged that the pipe cleaning companies and the oil companies were the parties who had

---

[1] The March 10, 2025 judgment addressed attorney's fees and costs. The March 24, 2025 granted additional court costs and judicial interest.

2

control of and worked on any pipes that contained radiation and it was those companies that had knowledge of the potential dangers of the radiation. The Grefers were sued in their capacities as landowners and lessors of property leased by Intracoastal Tubular Services, Inc. ("ITCO"), a pipe cleaning company. In 2014, the plaintiffs settled their claims against approximately twenty-nine defendants and more than sixty released parties, including ITCO and other pipe-cleaning companies, oil companies, and two other landowners.

The Grefers filed a motion to enforce settlement asserting that the 2014 settlement agreement released them from any liability. The trial court granted the motion to enforce settlement, and dismissed plaintiffs' claims against the Grefers. The plaintiffs appealed, and on appeal, this Court found that the trial court erred by failing to conduct an evidentiary hearing regarding the plaintiffs' intent in entering into the 2014 settlement agreement and remanded the matter to the trial court for the hearing. On remand, the trial court held an evidentiary hearing and concluded that there was no need to consult extrinsic evidence in order to interpret the 2014 settlement agreement. The trial court held that the Grefers were included in the released/indemnified parties in the 2014 settlement agreement. The trial court granted the Grefers's motion to enforce settlement and dismissed the plaintiffs' claims with prejudice. The plaintiffs appealed this judgment. On appeal, this Court found that the trial court erred, reversed the trial court's judgment, and reinstated the plaintiffs' claims against the Grefers. *See Adams v. Chevron USA, Inc.*, 2022-0814, pp. 18-19 (La. App. 4 Cir. 5/3/23), 382 So.3d 229, 243.

The plaintiffs filed a motion to tax costs and attorney's fees on March 15, 2024, seeking $175,000.00 in attorneys' fees and costs of $25,938.92. A

3

supplemental motion to tax was filed on March 27, 2024, providing additional information to support the plaintiffs' arguments.

The Grefers filed an opposition to the motion to tax on August 18, 2024, arguing that the motion was premature because no final judgment had been reached and there was no contractual or statutory basis for awarding fees.[2] Discovery was later conducted to determine the amount of fees incurred and the number of hours worked.

After a hearing on February 10, 2025, the trial court rendered a written judgment on March 10, 2025, granting the plaintiffs' motion to tax and awarding the plaintiffs $27,334.36 in costs and $63,000.00 in attorney's fees. The judgment noted that the attorney's fees were for fees incurred for the preparation and argument of the prior appeals. The trial court issued a supplemental judgment on March 24, 2025, awarding the plaintiffs an additional $74 in costs for filing a supplemental memorandum in support of the motion to tax costs. The March 24, 2025 judgment also awarded judicial interest pursuant to La. C.C.P. art.1921 from the date of the March 10, 2025 judgment.

The Grefers thereafter filed writs in this Court. [3]

**DISCUSSION**

---

[2] The Grefers also claim that there are issues that remain to be litigated, including their status as contractual indemnitees of ITCO, a settling defendant. The Grefers assert that they have existing and colorable claims against Exxon and ITCO "in contract, tort and/or equity in connection with, relating to, or arising from the claims asserted in the Litigation," based on their role as a lessor/landowner and a party against whom plaintiffs have alleged strict liability.

[3] On June 16, 2025, the Grefers supplemented the writ application with the trial court's order denying their motion to stay enforcement of judgments as well as the transcript and underlying pleadings associated with motion. The writ opinion does not address the correctness of that ruling. This writ filed in this Court was limited to the judgments on the motion to tax costs and attorney's fees.

4

Generally, a motion to tax is subject to an abuse of discretion review. *Barre-Williams v. Ware,* 2020-0665, p. 3 (La. App. 4 Cir. 4/28/21), 365 So.3d 760, 768 (citing *Vela v. Plaquemines Parish Government*, 2000-2221 to 2000-2224, p. 29 (La. App. 4 Cir. 3/13/02), 811 So.2d 1263, 1282).  However, errors of law are subject to *de novo* review.  *Audubon Orthopedic & Sports Med., APMC v. Lafayette Ins. Co.,* 2009-0007, p. 19 (La. App. 4 Cir. 4/21/10), 38 So.3d 963, 977.

In their writ application, the Grefers argue the trial court erred in granting the plaintiffs' motion to tax costs and attorney's fees.  Specifically, the Grefers assert that there was no basis in law for the trial court to grant the motion to tax costs as the litigation has not resulted in a final judgment between the plaintiffs and the Grefers, and attorney's fees are only allowed by statute or contract.

The plaintiffs, however, suggest in their opposition to the writ application that the judgment granting costs and attorney's fees was based upon jurisprudence established under La. C.C.P. art. 863.[4]

*Court Costs*

---

[4] La. C.C.P. art. 893 provides, in pertinent part:

> D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
> E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
> F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
> G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

Awards of costs are authorized by two main provisions of law, La. C.C.P. art. 1920 and La. R.S. 13:4533. *Barre-Williams v. Ware*, 2020-0665, p. 5 (La. App. 4 Cir. 4/28/21), 365 So.3d 760, 768. La. C.C.P. art.1920 states "[u]nless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." La. R.S. 13:4533 provides that the "costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs." Trial and appellate courts are vested with discretion in the apportionment of costs. La. C.C.P. art. 1920; La. C.C.P. art. 2164; *Danna v. Ritz-Carlton Hotel Co., L.L.C.*, 2020-0116, p. 38 (La. App. 4 Cir. 3/24/21), 365 So.3d 679, 705.

In reviewing an award under the abuse of discretion standard, "the role of the reviewing court is not to determine what it considers to be an appropriate award, but rather it is to review the exercise of discretion by the trier of fact." *Covington v. McNeese State University*, 2012- 2182, p. 11 (La. 5/7/13), 118 So.3d 343, 351.

In the present matter, the Grefers argue that the trial court abused its discretion in granting the motion to tax costs because there has been no final judgment assessing them with liability to the plaintiffs. La. C.C.P. art. 1841 defines a final judgment as "[a] judgment that determines the merits in whole or in part." The court costs assessed by the trial court are related to the costs the plaintiffs incurred in opposing the Grefers's motion to enforce settlement. As noted above, the plaintiffs filed two appeals of the trial court's judgments granting the motion to enforce and dismissing the plaintiffs' claims. This Court reversed the trial court's

6

judgment and reinstated the plaintiffs' claims. *Adams*, 2022-0814, p. 19, 382 So.3d at 243. While this judgment does not determine the liability of the Grefers to the plaintiffs, the judgment determined that the Grefers were not released parties under the settlement agreement. *Adams*, 2022-0814, pp. 17-18, 382 So.3d at 242. This Court's ruling in *Adams* was thus a judgment that determined the merits of the Grefers's argument that they were included in the settlement agreement.

As such, although the judgment does not assess the Grefers's liability to the plaintiffs, the judgment is a final judgment relating to the scope and breadth of the settlement agreement. Moreover, costs may be assessed after rendition of a partial final judgment. *Danna v. Ritz-Carlton Hotel Co., L.L.C.*, 2020-0116, p. 38 (La. App. 4 Cir. 3/24/21), 365 So.3d 679, 705. Accordingly, the trial court did not abuse its discretion in granting the plaintiffs' motion to tax court costs.

*Attorney's Fees*

However, the trial court erred in awarding attorney's fees. "Louisiana courts have long held that attorney's fees may not be awarded except where authorized by statute or contract." *Audubon Orthopedic & Sports Med., APMC,* 2009-0007, p. 21 38 So.3d at 978 (citing *Sher v. Lafayette Ins. Co,* 2007-2441, p. 18, (La. 4/8/08), 988 So.2d 186, 201 (citing *Rivet v. State,* 1996-0145, p. 10 (La.9/5/96), 680 So.2d 1154, 1160; *DOTD v. Williamson,* 597 So.2d 439, 441 (La.1992)).

The plaintiffs have sued the Grefers in tort, alleging the Grefers are liable to them as the landowners. As a result, any award of attorney's fees must be supported by statute. However, there is no statutory basis for the imposition of attorney's fees. Notably, the plaintiffs provided no statutory basis for the imposition of attorney's fees in their motion to tax. In their opposition to the writ

application, the plaintiffs suggest that the award of attorney's fees are appropriate under La. C.C.P. art. 863.

However, the plaintiffs did not rely upon La. C.C.P. art. 863 in seeking attorney's fees. Their motion to tax sought attorney's fees and costs for the two appeals regarding the issue of whether the Grefers were released under the settlement agreement between the plaintiffs and the other defendants. Further, the March 10, 2025 judgment rendered by the trial court specifically provided that the costs and attorney's fees were related to the appeals. Thus, the plaintiffs' reliance upon La. C.C.P. art. 863 is misplaced.

Moreover, the cases cited by the plaintiffs in their opposition to the writ to support their argument involve statutes which specifically allow for attorney's fees. *See Langley v. Petro Star Corp. of La.,* 2001-0198 (La. 6/29/01), 792 So.2d 721 (workers' compensation case in which attorney's fees were awarded pursuant to La. R.S. 23:1201(G)); *Buster's Frozen Custard, LLC v. Lancaster Mfg., Inc.*, 2015-947 (La. App. 3 Cir. 4/27/16), 190 So.3d 1239 (attorney's fees awarded under La. C.C.P. arts. 863 and 2004 in a nullity action seeking to annul a default judgment); *Nitcher v. Northshore Reg'l Med. Ctr.*, 2011-1761 (La. App. 1 Cir. 5/2/12), 92 So.3d 1001 (workers' compensation plaintiff sought additional attorney's fees on appeal pursuant to La. R.S. 23:1201); *Genusa v. Dominique*, 1997-0047 (La. App. 1 Cir. 2/20/98) 708 So.2d 784 (attorney's fees awarded in a succession proceeding which concerned a promissory note as a debt of the succession; the promissory note included a provision for attorney's fees).

Because there was no statutory or contractual basis for the imposition of attorney's fees in this tort-based case, the trial court erred in granting the plaintiffs' request for attorney's fees.

**DECREE**

For the above stated reasons, the writ application is granted in part and denied in part. The writ is denied with respect to the trial court's decision to award the plaintiffs courts costs. The writ application is granted with respect to the trial court's decision to award attorney's fees to the plaintiffs. Accordingly, the trial court's March 10, 2025 judgment is reversed with regard to the attorney's fees. The request for stay is denied.

**WRIT GRANTED IN PART; JUDGMENT**
**REVERSED IN PART; AND STAY DENIED**