# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 25-539


**BIG DOG CO., INC. D/B/A B.D. MANAGEMENT**

**VERSUS**

**ALEC JEANSONNE GENTLE ARTS OF AVOYELLES**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
MARKSVILLE CITY COURT
PARISH OF AVOYELLES, NO. 2024-228
HONORABLE ANGELO JOSEPH PIAZZA, III, CITY COURT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Wilbur L. Stiles, Judges.


**AFFIRMED IN PART AND REVERSED IN PART.**

**Peter J. Lemoine Jr.**
**Lemoine Law Firm**
**322 West Cappel St.**
**Marksville, LA 71351**
**(318) 253-6587**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Alec Jeansonne**

**Rodney M. Rabalais**
**Attorney at Law**
**P. O. Box 447**
**Marksville, LA 71351**
**(318) 253-4622**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **Big Dog Co., Inc.**

**PICKETT, Chief Judge.**

The defendant-appellant, Alec Jeansonne, appeals the judgment of the Marksville City Court awarding Big Dog Co., Inc., $4,800.00 in rent due under the terms of a lease, the forfeiture of a $600.00 deposit, attorney fees in the amount of $4,000.00, and costs of the proceedings below.

## FACTS

Mr. Jeansonne is the proprietor of a martial arts gym in Marksville, Louisiana. He entered into a lease agreement with Big Dog, Inc. (doing business as B. D. Management) for a building located at 220 North Main Street in Marksville for a term of three years beginning on March 31, 2022. Tanya Mahfouz executed the contract on behalf of Big Dog. Mr. Jeansonne agreed to pay $1,200.00 per month for rent. The lease agreement also carried over a $600.00 deposit from Mr. Jeansonne's previous lease agreement with Big Dog. The lease also included the following terms:

> Lessees are responsible for all utilities. Lessees are responsible for all maintenance of the building and equipment.

Mr. Jeansonne moved out of the building at 220 North Main Street in May 2024. After Mr. Jeansonne failed to pay the rent in June, Big Dog filed a claim in Marksville City Court to recover rent for the ten months remaining in the lease term. Big Dog sold the building at the end of September 2024, it amended its claim, seeking four months of rent (June, July, August, and September), forfeiture of the deposit, attorney fees, court costs, and interest.

In his answer to the claim filed by Big Dog, Mr. Jeansonne argued that persistent roof leaks in the leased premises rendered the building unfit for its intended use, citing La.Civ.Code art. 2699. Mr. Jeansonne further claimed that

because of these defects, he was authorized to vacate the premises and terminate the lease without making any further payments.

The matter proceeded to trial on March 26, 2025. Al Mahfouz, owner of Big Dog, testified on behalf of the plaintiff. Mr. Jeansonne and the parent of three of his students, Suzanna Lemoine, testified for the defendant. After considering the testimony and the evidence presented, the trial court found in favor of Big Dog. The judgment against Mr. Jeansonne awarded Big Dog damages of $4,800.00 in rent plus interest from the date of judicial demand, forfeiture of the $600.00 deposit, and attorney fees of $4,000.00. All costs were assessed to Mr. Jeansonne.

Mr. Jeansonne now appeals.

## ASSIGNMENTS OF ERROR

Mr. Jeansonne asserts three assignments of error:

1. The trial court committed legal error by awarding attorney fees to the Appellee in the absence of any statutory authorization, contractual provision, or equitable basis under Louisiana law.

2. The trial court erred by rejecting Appellant's affirmative defense, which asserted the Appellant's right to cancel and/or terminate the lease. This right arose from the Appellee's persistent failure to repair severe roof leaks that rendered the leased premises unsuitable for their intended commercial purpose.

3. The trial court erred in denying Appellant's affirmative defense, which argued that the lease contract's provision attempting to waive the warranty for vices or defects is null and void for failing to meet the requirements of Louisiana Civil Code Article 2699.

## DISCUSSION

Attorney fees are not recoverable unless they are specifically authorized by statute or contract. *Langley v. Petro Star Corp. of La.*, 01-198 (La. 6/29/01), 792 So.2d 721. Mr. Jeansonne argues that neither the statutory law nor the lease allows Big Dog to recover attorney fees in this case. Big Dog pled bad faith in its Amended and Supplemental Petition such that it would be allowed to recover

2

attorney fees for breach of the lease. In its brief to this court, Big Dog admits that jurisprudence which allowed recovery for attorney fees for bad faith breach of a lease contract has been overruled by the supreme court. We find, therefore, that the trial court committed legal error in awarding attorney fees in the amount of $4,000.00.

In addressing assignments of error two and three, we note the proper standard of review is the manifest error standard, as enunciated in *Lobell v. Rosenberg*, 15-247, p. 10 (La. 10/14/15), 186 So.3d 83, 90:

> Our review of the district court's finding on this issue is subject to the manifest error standard of review. Under this standard, a reviewing court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, through Dept. of Transp. & Develop.*, 617 So.2d 880, 882 (La.1993); *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). This court has announced a two-part test for the reversal of a factfinder's determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). *See Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987). This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. *See id.* The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. *See id.*

Mr. Jeansonne's original lease for the premises at 220 North Main Street was executed on March 30, 2020. The lease in effect at the time Mr. Jeansonne vacated the premises was a renewal of that original lease. In his second assignment of error, Mr. Jeansonne argues that the leaks in the roof made the building unfit for the entire term of his possession of the building, citing La.Civ.Code arts. 2682 and 2691:

**Art. 2682. The lessor's principal obligations**

The lessor is bound:
(1) To deliver the thing to the lessee;

(2) To maintain the thing in a condition suitable for the purpose of which it was leased; and

(3) To protect the lessee's peaceful possession for the duration of the lease.

**Art. 2691. Lessor's obligation for repairs**

During the lease, the lessor is bound to make all repairs that become necessary to maintain the thing in a condition suitable for the purpose for which it was leased, except those for which the lessee is responsible.

Mr. Jeansonne claims that the water from the leaks "cascaded" into the building, introducing videos which he says support this claim. As a result, his mats were damaged, supplies that he kept in a storeroom were destroyed, and he had to cancel classes on several occasions.

As we have noted, the lease at issue contained a provision that the "[l]essees are responsible for all maintenance of the building and equipment." "Even when a lease contains a provision, as in this case, that the lessee is liable for all repairs, the landlord is not relieved of his obligation to deliver the premises in good condition, free from repairs." *Houma Oil Co., Inc. v. McKey*, 395 So.2d 828, 830 (La.App. 1 Cir.), *writ denied*, 401 So.2d 356 (La.1981).

Mr. Mahfouz disputed Mr. Jeansonne's claims. He testified that he was not made aware of any leaks in the roof until two and a half years after Mr. Jeansonne moved into the building. Mr. Mahfouz then hired a roofer to make repairs to the roof around the air conditioner. Mr. Mahfouz testified that Mr. Jeansonne notified him two other times about leaks in the roof, and both times Mr. Mahfouz sent repairmen to fix the leaks. When Mr. Jeansonne vacated the premises, Mr. Mahfouz sold the building in October 2024 to mitigate his losses.

When questioned by Big Dog's counsel, Mr. Jeansonne admitted that he had purchased the building across the street from the leased premises in April 2023. When he vacated the leased premises, he began operating his studio in the building

4

he purchased. Mr. Jeansonne was asked if he had any proof of the losses he incurred because of the leaks in the roof, and he failed to present any evidence to support his claim.

The trial court was presented with two different versions of the events which led Mr. Jeansonne to vacate the leased premises. Mr. Jeansonne claimed he left because of the serious leaks in the roof of the building which made it impossible for him to continue his business in the facility. Big Dog argued that it made repairs to the roof when Mr. Jeansonne notified Mr. Mahfouz of the problem. Big Dog further argued that Mr. Jeansonne terminated the lease because he purchased a building and intended to move his studio into his own building. The trial court clearly found Big Dog's evidence more credible. There is sufficient evidence in the record to support the factual findings of the trial court. We find no merit in assignment of error number two.

In assignment of error number three, Mr. Jeansonne argues that the provision making the lessee responsible for maintenance and repair of the building was not sufficient to shift responsibility for roof repairs to the lessee, citing La.Civ.Code art. 2699. Article 2699 states:

> The warranty provided in the preceding Articles may be waived, but only by clear and unambiguous language that is brought to the attention of the lessee.

> Nevertheless, a waiver of warranty is ineffective:
> (1) To the extent it pertains to vices or defects of which the lessee did not know and the lessor knew or should have known;
> (2) To the extent it is contrary to the provisions of Article 2004; or
> (3) In a residential or consumer lease, to the extent it purports to waive the warranty for vices or defects that seriously affect health or safety.

First, we note that the lease in this case consisted of only four paragraphs, and Mr. Jeansonne signed three leases with an identical clause in it. Despite the

5

suggestion of Mr. Jeansonne in his brief to this court, such a clause is neither vague nor void as against public policy. We find the trial court did not err in finding the provision clear and unambiguous, and therefore effective against Mr. Jeansonne. The evidence adduced at trial supports a finding that Mr. Mahfouz made repairs to the roof when he was made aware of the leaks to the roof. We find no manifest error in the trial court's determination on this issue.

The award of damages in the amount of $4,800.00 in rent and forfeiture of the $600.00 deposit is affirmed.

## CONCLUSION

The judgment of the trial court awarding attorney fees to Big Dog is reversed. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are divided evenly between Big Dog Co., Inc. and Mr. Jeansonne.

**AFFIRMED IN PART AND REVERSED IN PART.**