NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1594


JOHN RENE GALLET

VERSUS

CRYSTAL SUIRE GALLET


**********


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 80190
HONORABLE DAVID BLANCHET, DISTRICT JUDGE


**********


OSWALD A. DECUIR
JUDGE


**********


Court composed of Sylvia R. Cooks, Oswald A. Decuir, and James T. Genovese, Judges.


AFFIRMED.


William Vidrine
Vidrine & Vidrine
711 W. Pinhook Road
Lafayette, LA 70503
(337) 233-5195
Counsel for Plaintiff/Appellant:
 John Rene Gallet

John V. Ghio
Attorney at Law
104 South Michot Road
Lafayette, LA 70508
(337) 981-1780
Counsel for Defendant/Appellee:
 Crystal Suire Gallet

**DECUIR, Judge.**

In this custody case, the father appeals a trial court judgment finding a change in custody was not in the best interest of the child.

## FACTS

In 2003, John Gallet (Gallet) and Crystal Suire (Suire), by stipulation, entered into a joint custody plan regarding their minor child, wherein Suire was named the domiciliary parent. Two subsequent rules were filed but not tried and slight modifications were made to the custody plan including an order that Suire not smoke in the presence of the minor child. In September 2005, Gallet filed the instant rule seeking psychological evaluation of all parties, a change in domiciliary status, and a contempt order against Suire.

The trial court found a change of domiciliary status was not in the best interest of the child, established a visitation schedule, ordered counseling for all parties at Gallet's expense, assigned cost of the psychological evaluation and related expert witness fees at 75% to Gallet and 25% to Suire, and affirmed all previous orders not specifically modified by the judgment. Gallet lodged this appeal.

## CHANGE IN DOMICILIARY STATUS

Gallet's first seven assignments of error allege that the trial court erred in finding that a change of domiciliary parent from Suire to Gallet was not in the best interest of the child. We disagree.

In *Winzor v. Winzor*, 03-329, p. 3-4 (La.App. 3 Cir. 10/1/03), 856 So.2d 107, 111, this court discussed the burden of proof for a party seeking a change in custody:

> On appeal, a trial court's ruling on a change of custody request may only be disturbed if the reviewing court determines that the trial court abused its discretion in making its ruling. In addition, a reviewing court may set aside the trial court's finding of fact only upon determining that the trial court was manifestly erroneous or clearly wrong. The issue is whether the trial court's conclusion was reasonable in light of the entire record.

*Hillman v. Davis*, 02-685, pp. 5-6 (La.App. 3 Cir. 12/11/02), 834 So.2d 594, 598 (citations omitted).

A party seeking to modify a custody decree which was a stipulated judgment must prove "(1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child." *Evans v. Lungrin*, 97-541, 97-577, p. 13 (La. 2/6/98), 708 So.2d 731, 738. If the original custody decree is a considered decree, i.e., one for which the trial court received evidence of parental fitness, the party seeking a modification must prove that continuation of the present situation is "so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child." *Bergeron v. Bergeron*, 492 So.2d 1193, 1200 (La.1986).

In this case, the original custody decree was a consent judgment; therefore, the heavier burden of *Bergeron* does not apply. Gallet, however, was required to establish both prongs of the *Evans* standard, *i.e.*, that a material change in circumstances has occurred since the entry of the consent judgment and that his proposed modification is in the child's best interest.

After reviewing the record in this case, we cannot say the trial court abused its discretion in maintaining Suire's status as domiciliary parent. It is apparent that the trial court carefully considered both the change in circumstances and the best interest of the child factors. It is also evident, that the trial court found both parties lacking in certain areas. While noting that Gallet had remarried and his situation offered some stability, the court also noted that his active attempts to destabilize Suire's situation through interference with her public assistance and otherwise, were not in the best interest of the child. Likewise, the court noted that while the evidence indicated the child's resistance to returning to her mother after visitation, the experts did not agree on the reasons for the child's reaction and could not rule out Gallet's contribution to the problem. Overall, viewing the record as a whole, we cannot say

2

the conclusions of the trial court were unreasonable. These assignments of error have no merit.

## CONTEMPT

Gallet contends the trial court erred in failing to rule on his request that Suire be found in contempt for violation of the court's order prohibiting her from smoking in the presence of the child. Generally, where a judgment is silent on a demand at issue under the pleadings, such silence constitutes an absolute rejection of the demand. *Dowden v. Mid State Sand & Gravel Co.*, 95-231 (La.App. 3 Cir. 11/2/95), 664 So.2d 643, *writ denied*, 95-2864 (La. 2/2/96), 666 So.2d 1099. Determining whether a party should be held in contempt for disobeying the court's order is within the discretion of the trial court, and an appellate court will only reverse based on an abuse of that discretion. *McCorvey v. McCorvey*, 05-889 (La.App. 3 Cir. 2/1/06), 922 So.2d 694, *writ denied*, 06-435 (La. 4/28/06), 927 So2d. 295. In the present case, we find no abuse of discretion in the trial court's rejection of Gallet's request for a contempt order.

## REDUCTION IN CHILD SUPPORT

In his final assignment of error, Gallet contends that the trial court should have reduced his child support because the current custody arrangement is essentially a shared custody arrangement. We disagree.

As a general rule, appellate courts will not consider issues raised for the first time on appeal. *Costello v. Hardy,* 03-1146 (La. 1/21/04), 864 So.2d 129. It is clear that Gallet's assertion is based on the current judgment and, therefore, could not have been raised in the pleadings. We have examined the record and find only a reference to a possible offset to child support related to counseling fees which the court

3

indicated should be included in the judgment if the parties agreed.  Accordingly, we find the issue is not properly before us.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.  All costs of these proceedings are taxed to appellant, John Rene Gallet.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.