PAINTER, Judge.
 

 | plaintiff, John Rene Gallet (Gallet), appeals judgments of the trial court concerning custody of the minor child of his marriage to Defendant, Crystal Suire Gallet (Suire), and issues related thereto. Finding some error in the trial court’s ruling, we affirm in part and reverse in part.
 

 FACTS AND PROCEDURAL HISTORY
 

 This matter was previously heard by this court, and an unpublished opinion was rendered as
 
 Gallet v. Gallet,
 
 06-1594 (La.App. 3 Cir.5/2/07), 955 So.2d 277. The court in that case outlined the facts, as they stood at that time, as follows:
 

 In 2003, John Gallet (Gallet) and Crystal Suire (Suire), by stipulation, entered into a joint custody plan regarding their minor child, wherein Suire was named the domiciliary parent. Two subsequent rules were filed but not tried and slight modifications were made to the custody plan including an order that Suire not smoke in the presence of the child. In September 2005, Gallet filed the instant rule seeking psychological evaluation of all parties, a change in domiciliary status, and a contempt order against Suire.
 

 The trial court found a change of domiciliary status was not in the best interest of the child, established a visitation schedule, ordered counseling for all parties at Gallet’s expense, assigned costs of the psychological witness fees at 75% to Gallet and 25% to Sume, and affirmed all previous orders not specifically modified by the judgment.
 

 This court affirmed the trial court’s judgment at Gallet’s cost.
 

 Subsequent to the rendition of that judgment, Gallet filed a petition for sole custody and a motion for contempt. The motion for contempt was subsequently denied, and the parties were ordered to take co-parenting classes. Suire later filed a motion for an increase in child support, for contempt, for an injunction, and for modification of the custody plan. Gallet then moved for the appointment of an attorney for the child and to continue counseling for the child.
 

 On October 1, 2007, a hearing was held on the rules filed by Gallet to change the child’s school and to have an attorney appointed for the child and on Suire’s rule |2to have Gallet found in contempt of court. The court ruled that the child was to be enrolled in Dozier Elementary School and that both parents were to bring the child to that school during their respective periods of custody. However, the court found that Gallet was not in contempt of court for his failure to bring the child to Dozier Elementary in violation of the previous judgment because of ambiguities in that judgment. The court found, however, that
 
 *257
 
 Gallet’s attempts to enroll the child in a different school were in violation of the domiciliary parent’s right to make major decisions affecting the child and ordered Gallet to pay $500.00 in attorney’s fees to Suire. The motion to appoint an attorney for the child was denied, and the child was ordered to attend counseling for her separation anxiety.
 

 In late 2007 and early 2008, the court heard the petition for sole custody and restricted visitation and Gallet’s motion for contempt against Suire. The court denied the petition for sole custody, ordered the parties to follow the recommendation of the child’s counselors, Dr. Joslyn Mason McCoy and Connie LeBlane, and ordered the parties to attend co-parenting counseling.
 

 Gallet appeals the order that he pay $500.00 in attorney’s fees, the denial of the motion to appoint an attorney for the child, the failure of the court to find Suire in contempt of court for failing to give him first right of refusal when she went out of town and for allowing smoking in the presence of the child, and the failure of the court to give him sole, or alternatively, shared custody of the child. After reviewing the record herein, we affirm the judgment of the trial court in all respects except with regard to attorney’s fees.
 

 laDISCUSSION
 

 Award of Attorney’s Fees
 

 The trial court found that, because of Gallet’s violation of the custodial parent’s right to select the child’s school, Suire was entitled to a judgment against Gallet in the amount of $500.00 in attorney’s fees pursuant to La.R.S. 9:375.
 

 That statute provides as follows:
 

 A. When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse’s education or training, it shall, except for good cause shown, award attorney’s fees and costs to the prevailing party.
 

 B. When the court renders judgment in an action to enforce child visitation rights it shall, except for good cause shown, award attorney’s fees and costs to the prevailing party.
 

 In this case, the trial court did not find Gallet to be in contempt, although this court feels that he would have been well within his discretionary powers to do so in light of what appears to this court to be a deliberately hyper-technical reading of the custody judgment by Gallet with the intention of using it to his “advantage” in spite of the effect on his child. Additionally, Suire has not answered the appeal and does not argue that Gallet should have been found in contempt. Further, the judgment herein does not concern child support or enforcement of visitation. We cannot find, and Suire does not cite, any other statute under which attorney’s fees could appropriately be granted.
 

 An award of attorney fees is a penalty imposed to discourage a particular activity on the part of the opposing party.
 
 Langley v. Petro Star Corp. of La.,
 
 01-0198, p. 3 (La.6/29/01), 792 So.2d 721, 723. Attorney fees are generally not awarded in Louisiana unless authorized by statute or provided for by contract.
 
 Id.
 

 Succession of Horrell,
 
 07-1533, p. 14 (La.App. 4 Cir. 10/1/08), 993 So.2d.354, 365.
 

 | therefore, the trial court erred in ordering Gallet to pay $500.00 in attorney’s fees and we reverse that order.
 

 
 *258
 

 Motion to Appoint Attorney
 

 Gallet argues in brief that the trial court erred in denying his motion to have an attorney appointed for the child.
 

 Louisiana Revised Statutes 9:345 (emphasis added) states, in pertinent part that:
 

 A. In any child custody or visitation proceeding, the court, upon its own motion, upon motion of any parent or party, or upon motion of the child,
 
 may
 
 appoint an attorney to represent the child if, after a contradictory hearing, the court determines such appointment would be in the best interest of the child. In determining the best interest of the child, the court shall consider:
 

 (1) Whether the child custody or visitation proceeding is exceptionally intense or protracted.
 

 (2) Whether an attorney representing the child could provide the court with significant information not otherwise readily available or likely to be presented to the court.
 

 (3) Whether there exists a possibility that neither parent is capable of providing an adequate and stable environment for the child.
 

 (4) Whether the interests of the child and those of either parent, or of another party to the proceeding, conflict.
 

 (5) Any other factor relevant in determining the best interest of the child.
 

 The trial court found in oral reasons for judgment that the child did not need an attorney. The court ruled that it would be inappropriate to appoint an attorney for the child in this case. It noted that there were no allegations of molestation or abuse which would require the appointment of an attorney under the statute. The trial court in this case clearly found that the best interest of the child did not require appointment of an attorney to represent her. After reviewing the record, we find that the trial court’s determination is well-founded. The evidence of record does not support the | Spresence of any of the factors which would tend to weigh in favor of the appointment of an attorney for the child as set out in La.R.S. 9:345. We further note that the language of the statute makes it clear that the decision as to whether to appoint an attorney for a child is discretionary with the trial court. Our review of the record reveals no abuse of discretion in this regard.
 

 Failure to Find Suire in Contempt
 

 Gallet asserts that the trial court erred in failing to find Suire in contempt of court for her failure to give him the right of first refusal to care for the child when Suire was out of town overnight and for allowing smoking in the child’s presence in violation of the court’s prior order.
 

 The trial court, in examining Gallet’s claims regarding smoking in the presence of the child, stated that:
 

 The other evidence in this case had to do with a lot of evidence about smoking. Um, private investigators did not really impress me. The grandfather was smoking outside. The child was running around. I don’t see that as a material violation of this Court’s order. I don’t think the grandfather intentionally on that occasion smoked around the child. And I’m not even sure that the mother was aware it was going on. So that doesn’t impress me. The grandfather smoking in the car. I believe on the occasion that he was confronted by Mr. Gallet, I believe Mr. Suire got a little aggravated that he was being told how to conduct himself in his own car and probably took his time putting the cigarette out in aggravation and in frustration. That probably wasn’t the right thing for him to do, but he did put it out, and that’s the end of that.
 

 
 *259
 
 With regard to a failure to give Gallet the right of first refusal to care for the child when Suire spent the night out of town, the trial court stated:
 

 | tiIn that respect, I think this absurdity about: Well, she’s in Abbeville and they are in Erath, so, therefore, the child is away from her mother overnight who is out of town, well, then I should have custody. That’s gamesmanship. That’s game-playing. That is not the intent of that provision. It’s meant for a parent that’s going out of town on a trip, not some ten minutes away between Er-ath and Abbeville. That’s absurd. So I’ll rewrite the custody plan so it can’t be used in such a way as to play a game of “Gotcha” or, you know, file rules for contempt or arbitrary confrontations over whether the child should be exchanged or not.
 

 We agree with the trial court that Gallet is twisting the intent of the custody plan by insisting on a hyper-technical adherence to its form over its substance. We find that the trial court was correct both in its refusal to find Suire in contempt in these regards and in its comments on the deleterious effect Gallet’s behavior is likely to have on the child. The custody order is a means of enforcing behavior that is in the best interest of the child. It is not a tool to be used by one parent to bludgeon the other. Accordingly, we find no abuse of discretion in the trial court’s denial of Gallet’s motion to have Suire found in contempt of court.
 

 Change of Custody
 

 The trial court in this matter applied the standard set out in
 
 Bergeron v. Bergeron,
 
 492 So.2d 1193, 1200 (La.1986) concerning changes in a considered custody decree, as follows:
 

 When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
 

 The trial court found that Gallet had not carried the heavy burden imposed on him by
 
 Bergeron.
 
 Gallet argues that the trial court erred in finding that he did not carry his burden. The trial court made the following finding: “Even under a best interest standard, the Court does not believe that he has proved the material change 17in circumstances in this case warranting a modification of domiciliary parent or of the custodial schedule.”
 

 Gallet argues that the child’s separation anxiety is a sufficient basis to support the conclusion that the benefits of a change in custody outweigh the harm. The trial court while noting that both parties had a hand in causing the child’s separation anxiety, found that Gallet had the overriding responsibility for exacerbating the problem because of his lack of respect for Suire and his failure to discipline the child when she acts out against her mother. After reviewing the evidence herein, we agree in every respect with the trial court’s findings in this regard.
 
 [1]
 
 Further, nothing in the record, including the testimony and reports of the counselors who have treated the child, suggests that the child’s separation anxiety would be alleviated by giving
 
 *260
 
 Gallet sole custody. The record shows that the child has an appropriate relationship with her mother and that the episodes of separation problems are not sustained long after the exchange has occurred. Further, even if Gallet had sole custody, Suire would have visitation with her child, and there is no reason to believe that the separation problems would not occur at the exchanges on these occasions. Therefore, the record does not support the idea implicit in Gallet’s argument — that the child’s separation anxiety could be cured or alleviated by a change of custody. We agree with the trial court that this is a problem to be addressed by counseling of all parties involved. Accordingly, we find no error in the trial court’s conclusion that Gallet did not carry his burden of proof with regard tó a change of custody.
 

 | ^CONCLUSION
 

 The judgment of the trial court ordering Gallet to pay attorney’s fees in the amount of $500.00 is reversed. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Appellant.
 

 AFFIRMED IN PART AND REVERSED IN PART.
 

 [1]
 

 . We further note that Gallet's lack of respect appears to extend to the court and its rulings, given his attempts to twist past judgments to his agenda and his behavior during the court’s oral rulings, which merited a contempt citation but for the trial court’s forbearance.