STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**11-1416**


JOHN RENE GALLET

VERSUS

CRYSTAL SUIRE GALLET


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 80190-H
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

Paige P. Campbell
14635 S. Harrell's Ferry
Building 6, Suite B
Baton Rouge, LA   70816-8197
(225) 755-8197
COUNSEL FOR PLAINTIFF/APPELLANT:
    John Rene Gallet

Nicholas Bellard
Bellard Law Offices, LLC
532 SE Court Circle
Crowley, LA   70526
(337) 783-2992
COUNSEL FOR DEFENDANT/APPELLEE:
    Crystal Suire Gallet

**AMY, Judge.**

By considered decree, the parties shared joint custody of their minor daughter, with the mother designated as the domiciliary parent. The father filed a petition seeking a change in custody and requesting that he be granted sole custody of the child, or, alternatively, joint custody with himself designated as domiciliary parent. He also sought review of various decisions made by the child's mother with regard to health care services, among other things. The trial court ultimately denied the father's requests in full. The father appeals. For the following reasons, we affirm.

### Factual and Procedural Background

Gabrielle Gallet, born in 2002, is the only child of John Gallet and Crystal Gallet (now Crystal Breaux). In 2003, the divorcing couple agreed to joint custody of the minor child, with Ms. Breaux designated as the domiciliary parent. The trial court has denied Mr. Gallet's various requests to alter the custody arrangement in his favor. Due to the trial court's repeated inquiry into the custody issue, however, the custody regime at issue resulted from a considered decree rendered in July 2008.[1] That decree awarded the parties' joint custody of Gabrielle, with Ms. Breaux maintaining status as the domiciliary parent.

The proceedings now under review were instituted in July 2010 when Mr. Gallet filed a "petition to modify custody, visitation, and restricted visitation." He sought sole custody, arguing that Gabrielle would "suffer immediate and irreparable harm" if custody continued in the alternating week fashion previously designated. He

---

[1] Notably, the trial court rejected Mr. Gallet's 2005 rule to change domiciliary status, among other things. The trial court instead determined that a change in domiciliary status was not in the best interest of the child and established a physical custody schedule. Furthermore, it ordered counseling for all involved. This determination was affirmed on appeal. *See Gallet v. Gallet*, 06-1594 (La.App. 3 Cir. 5/2/07), 955 So.2d 277.

Subsequently, Mr. Gallet sought sole custody. Because the then-existing custody regime resulted from a considered decree, the trial court applied the *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986) criteria and determined that Mr. Gallet failed to meet that standard. This court affirmed that decision on appeal. *See Gallet v. Gallet*, 08-1347 (La.App. 3 Cir. 3/4/09), 10 So.3d 255.

alleged that numerous actions or inactions of Ms. Breaux warranted that he be awarded sole custody of Gabrielle. Alternatively, and in the event joint custody was maintained, Mr. Gallet sought designation as the domiciliary parent. Mr. Gallet later amended his petition to question Ms. Breaux's decision to change Gabrielle's primary care physician. He also asked the trial court to hold Ms. Breaux in contempt of court and to assign court costs to her.

After four days of testimony, the trial court denied Mr. Gallet's requests. The trial court further ordered that Gabrielle continue treatment with her counselor for anxiety issues until discharge by that counselor. It also appointed a parenting coordinator pursuant to La.R.S. 9:358.1, et seq.

Mr. Gallet appeals, asserting that the trial court erred in 1) finding that he failed to meet his burden under the *Bergeron* standard and, therefore, in failing to award him sole custody or, at a minimum, designate him as the domiciliary parent; 2) denying the father's requests regarding the child's primary care physician and psychiatrist; 3) denying the father's request that the mother be held in contempt; 4) ordering a parental coordinator; and in 5) casting the father with the costs of this proceeding.

**Discussion**

*Burden of Proof*

Mr. Gallet first contests the trial court's determination that he failed to meet his burden of proving the necessity of the change in custody. He contends that this finding was in error in light of testimony from Gabrielle's former psychiatrist and counselors. He asserts that this evidence warranted a determination that Ms. Breaux has failed to appreciate the anxiety suffered by their daughter and that the continued custody arrangement is, therefore, deleterious.

Mr. Gallet's request to change the custody and domiciliary status previously designated in a considered decree required him to satisfy the burden of proof set forth

2

in *Bergeron v. Bergeron*, 492 So.2d 1193, 1200 (La.1986), wherein the supreme court explained that:

> When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

We are mindful that a trial court's determination in custody matters is entitled to great weight and will not be disturbed absent an abuse of discretion. *Id.*; *AEB v. JBE*, 99-2668 (La. 11/30/99), 752 So.2d 756.

The record indicates that the parties and their daughter have been seen by a variety of professionals who have attempted to facilitate the parties' parenting of Gabrielle and to assist Gabrielle with problems ranging from anxiety to sleep disturbances. As pointed out and relied on by Mr. Gallet, Dr. Joni Orazio, Gabrielle's former psychiatrist, explained to the court that she felt that Ms. Breaux failed to adequately acknowledge Gabrielle's problems and that this failure could be maltreatment. Mr. Gallet also relies on testimony expressing concern as to Gabrielle's challenges from social workers Lisa Lincoln and Jill Yates. Along with Dr. Orazio, and social worker Danna Halpin, this group formed a "treatment team" composed to assist the members of the family.

Mr. Gallet asserts that this testimony from these members of the treatment team reveals emotional harm that could result from the continued custody plan. However, the trial court, in detailed written reasons, resolutely discounted that evidence, finding, in particular, that Dr. Orazio had lost objectivity during the course of her treatment of Gabrielle as revealed through a number of her actions. Similarly, the trial court rejected Mr. Gallet's allegations as to events or parenting decisions made by Ms. Breaux. The trial court instead concluded that Mr. Gallet had "either urged the minor

child to make false statements against [Ms. Breaux], or the child is manipulating the situation by making up false events while in the care of her mother to please her father and gain his attention." While the trial court acknowledged that Gabrielle suffered from anxiety, it concluded that this condition was caused by her "having to constantly report everything that occurred in her mother's home to her father, which she was encouraged to exaggerate."

The trial court instead relied on the opinion of treatment team member Danna Halpin who expressed that Gabrielle's anxiety stemmed from trouble between the parents' households. Ms. Halpin denied that her therapy with Gabrielle revealed emotional abuse. Further, the trial court positively reported the testimony of Gabrielle's social worker at the time of trial, Ron Butcher. Mr. Butcher testified that Gabrielle was not particularly anxious, that she was happy and inquisitive, and that he felt she was relaxed with her parents when she was with them alone. He explained that the case history indicated that the child became tense when with both parents together. Mr. Butcher denied that Gabrielle evidenced emotional abuse. Instead, he suggested that she may not need to continue in therapy much longer and that the parents should work to refocus their parenting efforts.

While the trial court largely focused on its rejection of Mr. Gallet's argument regarding Gabrielle's emotional health, it further referenced other areas in which it found the evidence lacking. It consistently discounted the numerous occurrences that Mr. Gallet asserted demonstrated that he would be the superior domiciliary parent and/or sole custodian of Gabrielle. Our review of this record reveals no abuse of discretion in the trial court's determination as to the continued custody order.

In addition to the numerous credibility and factual findings that are left to the trial court as the finder of fact, recall that this case required that Mr. Gallet meet the *Bergeron* standard. While Mr. Gallet pointed out various decisions and actions by

4

Ms. Breaux that he felt endangered Gabrielle, the trial court described the nature of these allegations as "relatively minor." The record supports this appreciation of the evidence as well as the ultimate determination that these purported events were not "so deleterious to the child as to justify a modification of the custody decree[.]" *Bergeron*, 492 So.2d at 1200. Neither did that evidence constitute "clear and convincing evidence that the harm likely to be caused by a change of environment [was] substantially outweighed by its advantages to the child." *Id.*

This assignment lacks merit.

*Change of Health Care Professionals*

Mr. Gallet also asked the trial court to review what he contends were Ms. Breaux's "unilateral decision[s]" to change Gabrielle's primary care physician and to terminate the services of Dr. Orazio and in maintaining the child's counseling with Mr. Butcher. He contends that the trial court failed to appreciate the importance of the child's continued treatment with his choice of health providers in light of the standard set forth for such decisions in the couple's joint custody plan, rendered in July 2008.

Mr. Gallet directs this court to a portion of that plan, which provides, in part, that "[a]ll major decisions made by the domiciliary parent concerning the child shall be subject to review by the Court upon motion of the other parent." Mr. Gallet also quotes the portion of the plan that provides that: "In accordance with La.R.S. 9:226, joint custody obligates the parents to exchange information concerning the health, education, and welfare of the child and to confer with one another in exercising decision-making authority."

While Mr. Gallet focuses on the above sentences of the custody plan, we set forth a larger portion of the plan, which more fully provides that:

When the minor child is in the physical custody and control of one of the parties, said party shall have the right to seek emergency medical and dental care and treatment of the minor child without the consent of the other party. *When the medical and dental care and treatment of the child is of a non-emergency nature, the child shall be treated by the medical and dental health professionals chosen by the domiciliary parent and shall not be changed by the non-domiciliary parent without the express, written consent of the domiciliary parent.* In the event the parties do not agree to the medical and dental care and treatment of the child that is of a non-emergency nature, then the recommendations of the treating medical and/or dental health care provider shall control. If a party does not agree with the recommendations of the treating medical and/or dental health care provider, said party may only prevent the medical and dental care and treatment by filing a Rule to Show Cause with the Court. Each party shall have the right to obtain a second opinion for any medical and dental care and treatment of the minor child, which shall be at the sole cost of the party seeking the second opinion, unless the second opinion is sought by agreement of the parties.

. . . .

In accordance with La.R.S. 9:335(B)(3), the domiciliary parent shall have the authority to make all decisions affecting the child unless this Joint Custody Plan provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the Court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.

In accordance with La. R.S. 9:226, joint custody obligates the parents to exchange information concerning the health, education, and welfare of the child and to confer with one another in exercising decision-making authority.

(Emphasis added.)

After referencing the above-portion of the plan that relates to medical and dental care, the trial court maintained Ms. Breaux's decisions regarding the health care providers for Gabrielle. In doing so, the trial court detailed Ms. Breaux's attempts to secure health care providers who were not subject to control by Mr. Gallet. With regard to the change in the primary health care provider, the trial court concluded that Ms. Breaux's decision was reasonable in light of the new physician's proximity to her home, along with other things. The trial court also remarked that: "From the evidence and testimony, the Court finds that [Ms. Breaux] did inform [Mr.

6

Gallet] of the change in physicians either by e-mail or telephone, but that he disagreed with [Ms. Breaux's] decision as the domiciliary parent."

The record supports the trial court's appreciation of both the evidence and its application of that evidence to the joint custody plan. This assignment lacks merit.

*Contempt of Court*

Mr. Gallet urged the trial court to find Ms. Breaux in contempt of court for a number of her actions or inactions. The trial court rejected each of these claims. On appeal, Mr. Gallet contests only one of the actions which he again contends constituted constructive contempt of court pursuant to La.Code Civ.P. art. 224.

By a 2005 judgment, which resulted from a stipulation of the parties, Ms. Breaux was prohibited from allowing Clay Bodin, the father of her son, from being "in the presence of Gabrielle Paige Gallet for any period of time longer than is required to transfer her son to and from Mr. Bodin for visitation purposes." Mr. Gallet contends that Ms. Breaux failed to abide by this order and points to evidence indicating that both Mr. Bodin and Gabrielle attended a birthday party for Ms. Breaux's son.

In denying Mr. Gallet's claim, the trial court found that:

[Ms. Breaux] denied that Mr. Bodin had been around the minor child at a particular birthday party which she believed was in 2008. She testified she had photographs of the party and that Gabi was not in any of them. Also, the birthday party was on the same day as [Mr. Gallet's] birthday, and he had visitation with []Gabi on that date. However, when [Ms. Breaux] discussed this subject with Ms. LeBlanc and Dr. Orazio, she did not claim that Gabi was not at the party. Therefore, the Court finds that the minor child and Mr. Bodin were at the birthday party. However, [Mr. Gallet], who has the burden of proof in this matter, put no evidence on to indicate how long the child was in Mr. Bodin's presence. The fact that they were at the same party does not prove that Mr. Bodin was in the presence of Gabi for a period of time longer than was necessary to transfer [Ms. Breaux's] son to Mr. Bodin.

7

This finding as to the ambiguous nature of the evidence surrounding the attendance at the party is supported by the evidence. Accordingly, we find no abuse of discretion in the trial court's denial of this claim.

This assignment of error lacks merit.

*Parental Coordinator*

The trial court's judgment included an order that the parties use a parental coordinator pursuant to La.R.S. 9:358.1, which provides that: "On motion of a party or on its own motion, the court may appoint a parenting coordinator in a child custody case for good cause shown if the court has previously entered a judgment establishing child custody, other than an ex parte order." Mr. Gallet contends that, despite their years of attempts at counseling to facilitate co-parenting, "the purpose of the co-parenting failed mainly because [Ms. Breaux] stopped it unilaterally and continually failed to cooperate." Mr. Gallet asserts that, accordingly, "a parental coordinator pursuant to La.R.S. 9:358.1 is a waste of time and resources."

Indeed, in its written reasons, the trial court determined "that continued therapy of the parties is useless." However, after it detailed the difficulties it anticipated were ahead for the parties and Gabrielle in light of past conduct, it concluded that: "The best this Court can hope for is that Gabi gets counseling she needs and that the parties can accomplish some modicum of communication. Accordingly, in the Judgment issued in this matter on August 4, 2011, the Court appointed a parenting coordinator under 9:358.1 to assist in this regard." The trial court also detailed the parameters it established for parental coordinator,[2] which included establishing a means of communication for the parties to confer on major decisions, minor changes or clarifications as to schedules contained in the custody plan, health care management,

_____

[2] Mr. Gallet contests only the assignment of the parental coordinator, not the parameters established as to the coordinator's duties. We include these for discussion purposes.

8

and Gabrielle's extracurricular activities. The court's order also related to the establishment of uniform disciplinary strategies in both households and to the establishment of similar household routines.

In light of the trial court's concerns and the parameters established in the appointment, we do not disturb the trial court's appointment of the parental coordinator.

This assignment lacks merit.

*Costs*

Finally, Mr. Gallet requests that, in the event this court determines that a remand or reversal is required, the costs assigned to him below be reassessed to Ms. Breaux. In light of our above determinations, we find no error in the trial court's assessment of costs to Mr. Gallet.

This assignment lacks merit.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assessed to the appellant, John Rene Gallet.

**AFFIRMED.**

9